UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN DIXON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN OF CMF-VACAVILLE, et al.,<br><br>　　　　Respondents. | NO. EDCV 09-1204-ODW (AGR)<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED |

For the reasons discussed below, the Court orders Petitioner to show cause, on or before ***July 30, 2009***, why the Court should not recommend dismissal based on failure to exhaust state remedies and expiration of the one-year statute of limitations.

**I.**

**SUMMARY OF PROCEEDINGS**

On June 15, 2009, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody in the Eastern District of California. On June 24, 2009, the case was transferred to this district. The petition does not state any grounds for relief. (Petition at 8.)

In 2002, a Riverside County Superior Court jury convicted Petitioner of two

counts of lewd and lascivious acts on a minor and one count of possessing obscene material. (Petition at 5); *People v. Dixon*, 2003 WL 21978692, *1. The jury also found true that more than one victim was involved. (*Id.*) Petitioner was sentenced to 30 years to life. (*Id.*)

## II.
## EXHAUSTION

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides that a petition for writ of habeas corpus brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (b)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Exhaustion requires that Petitioner's contentions be fairly presented to the state's highest court, in this case the California Supreme Court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). Petitioner bears the burden of demonstrating that he described to the California Supreme Court both the operative facts and the federal legal theory on which his claim is based. *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995).

Based on the petition and on the Court's review of the state court's online dockets, Petitioner has never presented any grounds for relief to the California Supreme Court. Thus, the petition appears to be completely unexhausted and is subject to dismissal without prejudice on that basis. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

///

## III.

## **STATUTE OF LIMITATIONS**

The AEDPA has a one-year statute of limitations for a petition for a writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A), or on a date set in § 2244(d)(1)(B)-(D).

Petitioner was convicted in September or October of 2002. (Petition at 5.) The California Court of Appeal affirmed the conviction on August 20, 2003. *Dixon*, 2003 WL 21978692. Petitioner does not indicate that he filed a petition for review with the California Supreme Court. In addition, a review of the California Supreme Court's online docket does not indicate that any petition was filed. Therefore, Petitioner's conviction became final 40 days later on September 29, 2003. *Gaston v. Palmer*, 417 F.3d 1030, 1033 (9th Cir. 2005) (citing to California Rules of Court 24(b)(1) and 28(e)(1), since renumbered as Rules 8.264 and 8.500 respectively), *revised for other reasons*, 447 F.3d 1165 (9th Cir. 2006).

Accordingly, the one-year statute of limitations expired no later than September 29, 2004. Petitioner's federal habeas petition was signed on May 27, 2009, over four years later. (Petition at 10.)

Therefore, the petition is time-barred unless the statute of limitations was tolled. The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner indicates that he filed only one state habeas petition in the Riverside Superior Court. (Petition at 6-7.) Although he does not indicate when it was filed or when it was decided, a review of the Riverside Superior Court's online docket indicates that Petitioner signed a petition on March 18, 2009; it was filed on March 24, 2009; and it was denied on May 1, 2009. A state habeas petition filed after

3

1  expiration of the limitations period does not toll or revive the limitations period.
2  *Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003).  A review of the online
3  dockets of the California Court of Appeal and the California Supreme Court does
4  not reflect any filing of a state habeas petition by Petitioner.  Accordingly, the
5  limitations period was not tolled at any time pursuant to 28 U.S.C. § 2244(d)(2).

6  The United States Supreme Court has not decided whether § 2244(d)
7  allows for equitable tolling.  *Lawrence v. Florida*, 549 U.S. 327, 127 S. Ct. 1079,
8  1085, 166 L. Ed. 2d 924 (2007).  Even assuming equitable tolling applies,
9  Petitioner bears the burden of showing "(1) that he has been pursuing his rights
10 diligently, and (2) that some extraordinary circumstance stood in his way and
11 prevented timely filing."  *Id.* (citation and internal quotation marks omitted).  In
12 addition, the extraordinary circumstances must have been the cause of his
13 untimeliness.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L.
14 Ed. 2d 669 (2005).

15 The petition does not indicate any basis for equitable tolling.  Accordingly,
16 the petition appears to be time-barred.

## IV.

## ORDER

19 IT IS THEREFORE ORDERED that, on or before **July 30, 2009**, Petitioner
20 shall show cause why this Court should not dismiss the petition based on the
21 failure to exhaust and/or expiration of the statute of limitations.

22 ***If Petitioner does not respond to this Order to Show Cause, the***
23 ***Magistrate Judge will recommend that the Court dismiss the petition with***
24 ***prejudice based on expiration of the one-year statute of limitations.***

27 DATED:  July 1, 2009

                                                    /s/ Alicia G. Rosenberg
                                            ALICIA G. ROSENBERG
                                            United States Magistrate Judge